| | |
|---|---|
| RICH MICHAELSON MAGALIFF, LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>646.453.7851<br>Howard P. Magaliff | Hearing Date and time:<br>January 5, 2022 at 10:00 a.m.<br><br>Objection Deadline:<br>December 29, 2021 at 5:00 p.m. |

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                                          :
                                                                                    :   Chapter 7
ALEJANDRO and ROSA QUITO,                             :   Case No. 21-22288 (RDD)
                                                                                    :
                        Debtors.                                           :
------------------------------------------------------------x

**TRUSTEE'S MOTION TO SELL THE DEBTOR ALEJANDRO QUITO'S 100% OWNERSHIP INTEREST IN MEL SERVICE, INC. FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO §§ 363(b) AND (f) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Alejandro and Rosa Quito (the "Debtors"), by his attorneys Rich Michaelson Magaliff, LLP, respectfully submits this motion for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor Alejandro Quito's 100% ownership interest in Mel Service, Inc. (the "Shares") free and clear of liens and interests, with liens and interests to attach to the proceeds, and states:

## INTRODUCTION

1. The Debtors filed a *pro se* chapter 7 voluntary petition on May 18, 2021 (the "Petition Date"). Subsequently, the Debtors retained Richard S. Feinsilver, Esq. as counsel.

{00038472v1 }

Howard P. Magaliff was appointed as the interim chapter 7 trustee, and is the trustee pursuant to section 702(d) of the Bankruptcy Code.

2. By Order dated September 7, 2021 (the "Operating Order"), the Trustee was granted the authority pursuant to section 721 of the Bankruptcy Code to operate and manage the Debtors' businesses and properties in which they have an interest, including without limitation 540 Concord Avenue, Bronx (the "Concord Avenue Property") through the Debtors' 100% ownership of Mel Service, Inc. and 1838 Westchester Avenue, Bronx (the "Westchester Avenue Property" and together with the Concord Avenue Property, the "Properties") through the Debtors' 100% ownership of Gualaceo Realty Corp., and all other properties owned by the Debtors individually or through corporate, limited liability company or partnership entities.

3. The Concord Avenue Property is a mixed-use building with 32 residential and six commercial units. The Westchester Avenue Property is a mixed-use building with four residential and one commercial unit.

4. The Trustee retained Rosewood Realty Group ("Rosewood") as special reals estate advisor by Order dated November 4, 2021 [doc. 49] to market and sell the Shares.

5. Pursuant to Order dated November 10, 2021 (the "Sale Procedures Order") [doc. 51], the Court approved bidding procedures (the "Bidding Procedures") for a public auction sale (the "Auction Sale") of the Shares, the terms and conditions of the sale (the "Terms and Conditions of Sale"), and notice provisions. The Auction Sale will be on December 21, 2021 at 2:00 p.m. by Rosewood or an auctioneer retained by Rosewood.

6. Prior to the Petition Date, Rosewood was engaged by 540 Concord Lender, LLC (the "540 Lender") to conduct a UCC sale of the Shares, which had been pledged to 540 Lender as collateral to secure Mr. Quito's personal guaranty of the mortgage loan on the

{00038472v1}                                    2

Concord Avenue Property. The successful bidder will obtain ownership of the Concord Avenue Property through its ownership of the Shares.

7. By this Motion, the Trustee seeks entry of an order: (i) approving the results of the Auction Sale and confirming the Successful Bidder and Second Highest Bidder (as those terms are defined in the Terms and Conditions of Sale); and (ii) authorizing the sale of the Shares to the Successful Bidder or the Second Highest Bidder, as the case may be, pursuant to sections 363(b) and (f) of the Bankruptcy Code.

## MARKETING AND SALE OF THE SHARES

8. Since being hired pre-petition by 540 Lender and in anticipation of going to market, Rosewood put together a 38 page offering memorandum; set up a due diligence room including appraisal, DHCRs, environmental report, rent roll in excel, insurance, leases, loan documents, and permits and inspections; created (but did not send) an HTML email blast; designed social media campaigns (not yet posted); assembled comparable sales data to show investors; had a drone pilot take photos of the Property for marketing materials; prepared a banner ad for Rosewood's daily run in Pincus Media; prepared an ad for the Epoch Times, Chinese section; made phone calls to some of Rosewood's top clients to gauge interest and get pricing feedback; and designed a hot property of the month ad for New York Real Estate Journal. The bankruptcy case was filed before Rosewood officially went to market. Rosewood will implement its marketing program and actively market the Shares until the Auction Sale, and, as required by the Sale Procedures Order, will provide a copy of the Terms and Conditions of Sale and the Bidding Procedures to each person who expresses an interest in the Shares. In short, the Trustee believes that the marketing efforts will be more than ample for the Shares under the circumstances.

9. The Auction Sale will take place on December 21 at 2:00 p.m. by Zoom or other comparable online platform, or at such later date and time as chosen by the Trustee upon

notice to necessary parties. The auction will be conducted by Rosewood or an auctioneer retained by Rosewood. The Trustee, in consultation with 540 Lender, reserves the right to set a minimum opening bid at the auction. Successive bids will be in increments of $50,000 initially, or such other amount as the auctioneer, in consultation with the Trustee, determines. At the conclusion of the auction, the auctioneer will announce the highest and second highest bidders. Each bidder is required to provide a $300,000 deposit.

### APPLICABLE AUTHORITY

**A.     The Proposed Sale is Within the Trustee's Sound Business Judgment**

10.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …" 11 U.S.C. § 363(b)(1). In addition, section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

11.     In determining whether to approve a proposed sale under section 363(b), courts require that the sale be based upon the sound business judgment of the debtor. *In re G.S. Distrib., Inc.*, 331 BR 552, 559 (Bankr. S.D.N.Y. 2005). *See also Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir.1997) ("A sale of a substantial part of a Chapter 11 estate may be conducted if a good business reason exists to support it."); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.1983); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir.1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); *In re Enron Corp.*, 284 B.R. 376, 392 n. 15 (Bankr.S.D.N.Y.2002). "Although Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in … this Circuit

have required that it be based upon the sound business judgment of the debtor." *In re RSL COM PrimeCall Inc.*, No. 01-11457 (ALG), 2002 Bankr. LEXIS 367 at *26-27 (Bankr. S.D.N.Y. Apr. 11, 2002). Once the Trustee articulates a sound business justification, there "'is a presumption that in making a business decision the [decision maker] acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (citation omitted).

12.     The Trustee believes that the Auction Sale of the Shares constitutes the prudent and proper exercise of his business judgment, and should be approved pursuant to section 363(b) of the Bankruptcy Code. The Property is in need of professional and competent management on a long term basis by an owner who can address tenant needs and complaints, provide renewal leases for tenants including those tenants who require them for government assistance, and provide for the maintenance and upkeep of the Property. The Trustee submits that proceeding with approval of the Auction Sale to the Successful Bidder or Second Highest Bidder, after the marketing efforts undertaken and to be undertaken, maximizes the value that the estate will receive for the Shares.

13.     Based on all of the foregoing, sound business reasons exist to justify the sale of the Shares. Therefore, the Trustee submits that the proposed sale to the Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, on the Terms and Conditions of Sale pursuant to section 363(b) of the Bankruptcy Code, should be approved.

**B.    Sale Pursuant to Section 363(f) is Appropriate**

14.     The Shares will be sold "as is" and "where is" pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the

estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale.

15. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. The Trustee submits that section 363(f) is satisfied in this case because, *inter alia*, any entity with a lien against the Shares – specifically 540 Lender – could be compelled to accept a money satisfaction of its interest, and because 540 Lender has advised the Trustee that it consents.

**C.    The Successful Bidder(s) are Entitled to the
           Protections of Bankruptcy Code Section 363(m)**

17. Section 363(m) of the Bankruptcy Code provides certain protections to good faith purchasers. Section 363(m) provides, in relevant part:

> The reversal or modification on appeal of an authorization under subsection (b) … of this section of a sale … of property does not affect the validity of a sale … under such authorization to an entity that purchased … such property in good faith, whether or not such

{00038472v1}                                                     6

> entity knew of the pendency of the appeal, unless such authorization and such sale … were stayed pending appeal.

11 U.S.C. §363(m). While the Bankruptcy Code does not define "good faith," it has been held that:

> [g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings … A purchaser's good faith is lost by 'fraud, collusion between the purchaser and other bidders or the trustee, or any attempt to take grossly unfair advantage of other bidders.'

*Licensing by Paola v. Sinatra (In re Gucci)*, 126 F.3d at 390 (citations omitted).

18. No facts exist here that would preclude the Successful Bidder or Second Highest Bidder from obtaining section 363(m) protections. The Trustee submits that the Successful Bidder and Second Highest Bidder have participated in the Auction Sale in good faith, and without any collusion, and the sale is the result of an arm's length transaction between the Trustee and the bidders. Accordingly, the Trustee requests that the Court make a finding that the Successful Bidder, or Second Highest Bidder if the Successful Bidder fails to close, is entitled to the protections of section 363(m) of the Bankruptcy Code.

### RELIEF FROM 14-DAY AUTOMATIC STAY UNDER BANKRUPTCY RULE 6004(h)

19. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Relief from the 14-day stay would enable the Trustee to close on the sale as promptly as possible, relieving the estate of any further burdens or costs imposed for management of the Property, including the accrual of taxes and repairs. While the Terms and Conditions of Sale require the Successful Bidder to close within 21 business days after entry of the approval order, the Trustee is hopeful that closing will occur promptly. The Trustee requests that

{00038472v1 }                                    7

the order approving the Auction Sale be effective immediately by providing that the 14-day stay is waived.

20. The Trustee has given notice of the Auction Sale and this Motion as required by the Sale Procedures Order which approved notice provisions, and submits that notice is therefore good, sufficient and appropriate.

21. No prior request for the relief sought has been made.

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court (i) approve the Auction Sale, (ii) confirm the Successful Bidder and the Second Highest Bidder, and (iii) authorize the sale of the Shares pursuant to sections 363(b) and (f) of the Bankruptcy Code, and enter the order in the form attached as Exhibit 1, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated:  New York, New York  
        November 15, 2021

RICH MICHAELSON MAGALIFF, LLP  
Attorneys for the Trustee  
By:

/s/ Howard P. Magaliff  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
hmagaliff@r3mlaw.com

<u>**EXHIBIT 1**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                            :
                                                  :    Chapter 7
ALEJANDRO and ROSA QUITO,       :    Case No. 21-22288 (RDD)
                                                  :
               Debtors.                     :
------------------------------------------------------------x

## ORDER AUTHORIZING THE SALE OF THE DEBTOR ALEJANDRO QUITO'S 100% OWNERSHIP INTEREST IN MEL SERVICE, INC. FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

Upon the motion dated November 15, 2021 (the "Motion") of Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of Alejandro and Rosa Quito (the "Debtors"), for entry of an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor Alejandro Quito's 100% ownership interest in Mel Service, Inc. (the "Shares") free and clear of liens and interests, with liens and interests to attach to the proceeds; and due and sufficient notice of the Motion having been given in accordance with this Court's Order (the "Sale Procedures Order") dated November 10, 2021 [doc. 51] (i) approving the terms and conditions (the "Terms and Conditions of Sale") and bidding procedures (the "Bidding Procedures") for the sale of the Shares, (ii) scheduling a public auction sale (the "Auction Sale"), and (iii) scheduling a hearing to consider the Trustee's Motion; and being that a sale of the Shares is in the best interests of the estate and its creditors, and parties in interest; and the Auction Sale having been conducted on December 21, 2021; and a hearing (the "Sale Hearing") having been held on January 5, 2022, and the Court having considered the arguments of all counsel and interested parties wishing to be heard who appeared at the Sale Hearing, and the Court having found and concluded that the sale of the Shares at this time is

{00038472v1 }

in the best interests of the estate and its creditors, as well as other parties in interest and is supported by good business reason; and _____ having been named the Successful Bidder and _____ having named the Second Highest Bidder at the conclusion of the Auction Sale; and there being no objections to the Motion, and no adverse interest appearing, and good and sufficient cause existing for the relief requested, the Court hereby **FINDS** and **CONCLUDES** that:

      A.    Notice of the Auction Sale and the Sale Hearing was good, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

      B.    The Shares were adequately marketed.

      C.    The conduct of the Auction Sale was appropriate and there was no collusive bidding.

      D.    _____, with a bid of $_____, is confirmed as the Successful Bidder with the highest and best offer for the Shares.

      E.    _____, with a bid of $_____, is confirmed as the Second Highest Bidder.

      F.    Closing with either the Successful Bidder or the Second Highest Bidder provides fair and reasonable consideration to the estate.

      G.    The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Shares and approving the Successful Bidder and the Second Highest Bidder. The proposed sale of the Shares is in the best interests of the Debtors' estate and its creditors.

      H.    Sale of the Shares pursuant to section 363(f) of the Bankruptcy Code is appropriate, because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

    I. The Auction Sale was fair and reasonable, and at arm's length and in good faith as that term is used at section 363(m) of the Bankruptcy Code.  The Trustee, the Successful Bidder and the Second Highest Bidder have acted in good faith and the purchase of the Shares by the Successful Bidder or the Second Highest Bidder is deemed to be in good faith.

    J. Waiver of the 14-day automatic stay under Bankruptcy Rule 6004(h) is appropriate under the circumstances.

    Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

    1. The Motion is approved as set forth herein.

    2. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee be, and he hereby is authorized to sell the Shares to the Successful Bidder or, if the Successful Bidder fails to close, to the Second Highest Bidder, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale.

    3. The Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, is directed to close on the sale in accordance with the Terms and Conditions of Sale approved by the Sale Procedures Order, and such Terms and Conditions of Sale are hereby incorporated into and made a part of this Order.

    4. Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are reversed, modified, vacated or stayed by subsequent order of this Court or any other court, such reversal, modification, vacatur or stay shall not affect the validity and the enforceability of any obligation, debt or claim incurred or granted or sale made pursuant to this Order, and notwithstanding any stay, reversal, modification or vacatur of this Order, any sale or other obligation of the parties

pursuant to this Order arising prior to the effective date of any such stay, reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

       5.       All objections to the Motion and the sale of the Shares, to the extent not withdrawn or resolved, are denied in all respects.

       6.       The sale of the Shares is exempt from the automatic stay requirement of Bankruptcy Rule 6004(h).

       7.       The Trustee is authorized to execute all documents and take all actions necessary to close on the sale of the Shares in accordance with the Terms and Conditions of Sale and this Order.

       8.       This Court shall retain jurisdiction with respect to any dispute under this Order.

Dated: White Plains, New York
       January __, 2022

                                                Hon. Robert D. Drain
                                                United States Bankruptcy Judge